RECEIVED
USDC. CLERK. CHARLESTON. SC

2008 MAR -4 P 1: 31

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Bernard Bagley, #175851,  )      C. A. No. 2:07-1470-PMD-RSC
                          )
        Petitioner,       )
                          )
    -versus-              )      **REPORT AND RECOMMENDATION**
                          )
Warden, Kershaw Correctional  )
Institution,              )
                          )
        Respondents.      )

This habeas corpus petition under 41 U.S.C. § 2241 brought by a federal prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on February 1, 2007.  28 U.S.C. § 636(b).

The petitioner, Bernard Bagley, is currently confined at the Kershaw Correctional Institution of the South Carolina Department of Corrections pursuant to order of commitment of the Clerk of Court for Richland County.  Petitioner was indicted at the October, 1990, term of the Court of General Sessions for Richland County for murder (90-GS-40-5849), and burglary in the first degree (90-GS-40-5864).  John D. Delgado, Esquire, John O'Leary, Esquire, and Cathy L. Hazelwood, Esquire, represented Petitioner on the charges.  On April 10, 1991, Petitioner went to trial before a jury and the Honorable Dan F. Laney, Jr.  At the conclusion of the trial, the jury found Petitioner guilty as

1

charged.   Judge Laney sentenced Petitioner to life imprisonment
for murder, and life imprisonment, consecutive, for burglary in
the first degree.   Petitioner timely appealed the convictions and
sentences.

**DIRECT APPEAL:**

On direct appeal, Petitioner, through trial counsel Delgado
and O'Leary, raised the following issue:

> The trial court committed reversible error by
> violating Appellant's constitutional right to call
> witnesses in his behalf when it refused to allow
> Appellant's expert witness to testify, where her
> testimony was neither cumulative nor offered to
> incite the sympathy of the jury.

After the submission of briefs by both parties, the case was
transferred to the South Carolina Court of Appeals, which heard
oral arguments in the case on October 14, 1992.   On December 10,
1992, the Court of Appeals issued an unpublished opinion,
upholding the murder conviction but reversing the burglary
conviction.   State v. Bernard Bagley, Op. No. 92-UP-165 (filed
December 10, 1992).   On December 29, 1992, Petitioner filed a
Petition for Rehearing, which the Court of Appeals denied on
February 8, 1993.

On March 1, 1993, Petitioner filed in the South Carolina
Supreme Court a Petition for Writ of Certiorari.   The State filed
a Return on April 6, 1993, and an Amended Return on April 7,
1993.   On or about June 30, 1993, the South Carolina Supreme
Court denied the petition.   The Court filed a Remittitur in the

2

action on July 1, 1993.

**FIRST POST-CONVICTION RELIEF ACTION:**

While his direct appeal was still pending, Petitioner filed an Application for Post-Conviction Relief (91-CP-40-4418) and a Petition for Writ of Habeas Corpus (91-CP-40-4843), both dated September 16, 1991. The State made a Return and Motion to Dismiss, dated October 25, 1991. On October 31, 1991, the Honorable J. Ernest Kinard, Jr., issued an order dismissing the actions without prejudice based on Petitioners then-pending direct appeal.

**SECOND POST-CONVICTION RELIEF ACTION:**

On July 6, 1993, Petitioner filed an Application for Post-Conviction Relief (93-CP-40-2743), in which he raised the following grounds for relief:

> 1.    The Petitioner contends that the Solicitor's peremptory strikes against two (2) black male jurors violated his civil and constitutional rights, which denied the Petitioner Due Process and Equal Protection of the law;
>
> 2.    Counselors on record failed to challenge the Solicitor's purposeless discriminating peremptory strikes;
>
> 3.    The Petitioner contends that trial court committed reversible error by violating his civil and constitutional rights by post-arrest silence;
>
> 4.    Counselors on record failed to object when Solicitors used the Petitioner's post-arrest silence as evidence against him;
>
> 5.    The trial court committed reversible error by abuse of discretion. (note errors) Whereby highly

3

prejudiced the Petitioner which denied him a fair
trial;

6.    The Petitioner contends that counselors on
record failed to object to solicitor's closing
remarks that prejudiced him whereby violating his
Sixth (6th) Amendment rights.

On July 16, 1993, Petitioner filed a Peremptory Motion to Vacate

Judgement (93-CP-40-3 166).  On September 28, 1993, the Honorable

L. Henry McKellar issued an order dismissing action 93-CP-40-3166

and consolidating it with Petitioner's then-pending post-

conviction relief action, 93-CP-40-2743.  The State filed a

Return in the matter on October 17, 1993.

On May 31, 1994, the Honorable L. Casey Manning held an

evidentiary hearing in the matter.  Petitioner was present at the

hearing and was represented by John McCants, Esquire.  E. Jean

Howard, Esquire, of the South Carolina Attorney General's Office,

represented the State.  At the hearing, Petitioner proceeded on

the following grounds:

1.    Trial court erred in failing to admonish the
jury not to discuss the facts of the case;

2.    Trial court erred in failing to ask Applicant
if he had anything to say at the time of
sentencing;

3.    Trial counsel failed to request a charge that
the Applicant was a police officer and had a right
to carry a gun;

4.    Trial counsel was ineffective in failing to
object to the charge of manslaughter;

5.    Trial counsel failed to request an
involuntary manslaughter charge;

4

6.    Trial counsel's closing arguments were improper because they referred to the Applicant going to jail;

7.    Trial counsel did not object to the Solicitor's comments that trial counsel would do anything to win;

8.    Trial counsel erred in not requesting a charge of defense of others;

9.    Trial counsel did not pursue a guilty but mentally ill finding;

10.    Trial counsel should have objected to the State's peremptory challenges;

11.    Trial counsel did not object to the admission of police statement;

12.    Appellate counsel was ineffective in failing to raise on direct appeal the issue of whether the trial court properly admitted a photograph into evidence;

13.    Appellate counsel was ineffective in failing to raise on direct appeal the issue of the admission of Bessie Barnham's statement;

14.    Trial counsel erred in its instruction to the jury to disregard comments not used as evidence;

15.    Applicant was not given the opportunity of surreply;

16.    Petitioner was not made aware of his right to testify.

Petitioner testified on his own behalf at the hearing.

Petitioner's trial attorneys testified on behalf of the State.

After the hearing, Judge Manning issued an Order of Dismissal,

dated August 18, 1994, dismissing the Application in its

entirety.    On August 29, 1994, Petitioner filed a Motion to

Alter or Amend the Judgment.

5

**FIRST FEDERAL HABEAS CORPUS ACTION**:

On August 23, 1994, Petitioner filed his first federal habeas corpus petition (C.A. No. 3:94-2487-8AJ) and alleged that his confinement was unlawful on the following grounds:

> 1.    Conviction was in violation of the Constitution of the United States and the Constitution or laws of this State;
>
> 2.    Circuit court lacked jurisdiction to charge the jury on the issue of voluntary manslaughter, an unlawful, felonious killing;
>
> 3.    Conviction obtained by a violation of the privilege against selfincrimination and compelled testimony;
>
> 4.    Denial of effective assistance of PCR counsel;
>
> 5.    Bagley challenged his conviction on the grounds of the Eighth Amendment requirements of special reliability in the process by which guilt or punishment is determined;
>
> 6.    Conviction obtained by due process violation that constituted a denial of fundamental fairness that is shocking to the universal sense of justice;
>
> 7.    Bagley challenged his conviction by due process violations of the jurors selection;
>
> 8.    Bagley challenged his conviction on the grounds of requirements given under the totality of the circumstances;
>
> 9.    Bagley is convicted unfairly and unconstitutionally, thus, confined false or unlawfully imprisonment;
>
> 10.   The state has denied Bagley his personal liberty by false imprisonment unfairly and unconstitutionally by denying him a fair trial, and appeal, along with an evidentiary hearing;

6

> 11.  The director and warden for the department of corrections, and the Evans facility has asserted after the fact punishment;
>
> 12.  The conviction was obtained by the state holding Bagley to "ordinary care."

The State filed a Return and moved for summary judgment on October 31, 1994.  On April 7, 1995, the undersigned United States Magistrate Judge filed a Report and Recommendation recommending that the petition be dismissed without prejudice pursuant to <u>Rose v. Lundy</u> as a mixed petition.  On May 26, 1995, the Honorable Sol Blatt, Jr., Senior United States District Judge, adopted the report and dismissed the action without prejudice.  On August 8, 1995, Judge Blatt denied Petitioner's request for a certificate of probable cause to appeal.  By unpublished opinion dated February 15, 1996, the Fourth Circuit Court of Appeals dismissed the appeal.

**THIRD POST-CONVICTION RELIEF ACTION:**

On September 9, 1994, Petitioner filed yet another application for post-conviction relief (94-CP-40-3328).  In the application, Petitioner alleged he was being unlawfully held for the following reasons:

> 1.  The Department of Corrections Classification Board has seriously prejudiced the Applicant from advancement in custody level;
>
> 2.  The Department of Corrections officials have violated State Statute 24-13-210, along with Article IV of the South Carolina Constitution 1895;

7

3.    The Department of Corrections officials has
asserted duress and undue influence for Bagley to
meet the criteria for custody advancement only to
repress him after the fact punishment by
implementing a Phase III program that has not been
authorized by the General Assembly, nor by the
Emergency Powers Acts;

4.    The Department of Corrections has violated
Bagley's procedural due process rights, and equal
protection of the law rights by depriving his
liberty;

5.    The Department of Corrections officials has
not treated Bagley fairly nor equally, for the
Department of Corrections shows favoritism by
providing some inmates with "A" custody that has
the same situation Bagley has;

6.    Bagley contends that the Department of
Corrections officials violated <u>Bounds v. Smith</u>
requirements, see 430 U.S. 827 (1976).

In an Amended Application, Petitioner also alleged he had

requested an appeal from his prior post-conviction relief

hearing, but that his PCR counsel had failed to perfect such an

appeal.  He further alleged that the trial court lacked subject

matter jurisdiction over him because the copies of the

indictments from the Department of Corrections do not show the

words "True Bill" or the signature of the Grand Jury foreman.

The Honorable R. Markley Dennis, Jr., held an evidentiary

hearing in the matter on February 5, 1996.  Petitioner was

present at the hearing and was represented by Tara D. Shurling,

Esquire.  Testifying on behalf of Petitioner were John MeCants,

Petitioner's prior post-conviction relief counsel, and Renee

Glover Smith and Craig Hento, both from the Richiand County Clerk

8

of Court's Office.  After the hearing, Judge Dennis issued an

Order of Dismissal, dated April 1, 1996, in which he ordered (1)

that Petitioner be allowed, pursuant to <u>Austin v. State</u>, 305 S.C.

453, 409 S.E.2d 395 (1991), to appeal the Order of Dismissal from

his second post-conviction relief action; and (2) that the

application for post-conviction relief be dismissed.

The Petitioner sought timely review of the dismissal of his

first and second post-conviction relief applications.  Assistant

Appellate Defender Lisa T. Gregory filed an <u>Austin</u> petition for

writ of certiorari which presented the following question for

review:

> Whether the lower court erred in finding that
> petitioner received effective assistance of
> counsel (at trial)?

The South Carolina Supreme Court denied certiorari review by

letter order dated November 6, 1997, and issued its remittitur on

January 9, 1998.

**SECOND FEDERAL HABEAS CORPUS ACTION**:

By Petition dated May 31, 1995, Petitioner filed yet another

federal habeas action in this court in which he raised the

following issues:

> 1.    Did the trial court violate appellant's
> constitutional right to call witnesses by refusing
> to allow appellant's expert witness to testify
> thus committing reversible error;
>
> 2.    Conviction obtained by use of coerced
> confession;

9

    3.    Conviction obtained by a violation of the
    privilege against self-incrimination;

    4.    Conviction obtained by the unconstitutional
    failure of the prosecution to the defendant
    evidence favorable to the defendant;

    5.    Conviction obtained by a violation of the
    protection against double jeopardy;

    6.    Denial of right to appeal.

On August 28, 1995, the State filed a Return and Motion for

Summary Judgment in which it requested that the Court dismiss the

petition as "mixed."  On December 15, 1995, the undersigned

United States Magistrate Judge issued a Report and Recommendation

that the petition be denied as "mixed" under <u>Rose v. Lundy</u>.  On

August 1, 1996, the Honorable Patrick M. Duffy, United States

District Judge, entered and Order denying a motion to stay and to

strike Report and Recommendation, denying a motion for demand of

judgment pursuant to Rule 15(b)(d), denying motion for demand for

judgment, granting motion for summary judgment, denying motion

for respondents to strike from it's answer any reference to

ineffective assistance of trial counsels as party respondents,

denying motion to appear or plead, denying motion for judgment on

the pleadings, and denying motion for injunction/protection.

## 1996 FEDERAL HABEAS ACTION

    The Petitioner filed a fourth federal habeas action dated

February 6, 1996. <u>Bagley v. State of S.C., et al</u>, 96-CV-0487.

Petitioner raised the following grounds for relief:

10

**Ground (1):** The Petitioner desires to redress the conditions for early parole for certain offender victims of spousal abuse, because of his factual innocence of murder, or "malice aforethought," and a life sentence following the enactment of statute 16-25-90, for this statute has a substantial effect on procedural change for Bagley's parole eligibility.

**Ground (2):** The Petitioner desires to redress the burglary conviction which is being used to adversely affect his current sentence (a) enhance his sentence, and conviction, (b) reduce prison privileges, (c) reduce his possibility of parole and release from SCDC.

**Ground (3):** The disparity between the proportion of black male members in the October 1990, indictments by the grand jury which had been impaneled to the improper exclusion of black male jurors among registered voters of Richland County as a whole called to serve as grand jurors. Notwithstanding the fact that this matter is being raised in the context of collateral review, the Petitioner would assert that the burden of proof is [always] on the State.

**Ground (4):** Evidence favorable to the Petitioner that was purposely withheld in violation of <u>Brady v. Maryland</u>, and <u>U.S. v. Bagley</u>.

**Ground (5):** Petitioner desires to redress the imposed sentence that restrict his parole eligibility on 1991 burglary conviction when such conviction was reversed and remanded.

**Ground (6):** The Petitioner is prejudiced under the rule of "two strikes your out" due to the prior act of burglary that was reversed and remanded in 1991.  The enhancement occurred for parole in-eligibility while in custody on current sentence in June 1993.

**Ground (7):** The Petitioner desires to redress the issue and fact that he was entitled to have trial jury hear [proffered] testimony from the witness herself and to <u>observe</u> her [d]emeanor at the time

11

she told it, which tend to prove that the murder
was not natural or probable consequences of (1) a
plan to burglary, and (2) possession of a deadly
weapon.

**Ground (8):** The trial record clearly shows that
Bagley was not competent throughout the trial;
however, Mr. McCants, along with Ms. Shurling
failed to address this issue during evidentiary
hearing, nor did trial counsels raise this issue
during direct appeal which trial counsels
controlled issues raised on direct appeal;
therefore, beyond Petitioner's control.

Subsequently, on April 3, 1996, Petitioner filed a Motion for

Partial Summary Judgement and Memorandum of Law in Support of

Motion for Partial Summary Judgment, in which he claimed the

following grounds were ripe for review:

**Ground (1):** The burglary conviction and sentence
is being used adversely to affect Bagley's current
sentence by:

(a)  It enhance sentence.

(b)  Reduce prison privileges, and

(c)  Reduce his potential release of a twenty (20)
year life sentence from Evans Correctional
Institution at the South Carolina Department of
Corrections, and his possibility of parole under
the provisions of South Carolina law §§ 24-21-640,
and 16-1-60.

**Ground (2):** Judicial Redress on the conditions
for early parole for certain:

(a)  Offender victims of spousal abuse because of
his factual innocence of murder, and malice
aforethought, and a life sentence following the
enactment of statute 16-25-90, for this statute
has a substantial effect on procedural change for
Bagley's parole eligibility.

(b)  Petitioner is prejudice under the rule of

12

"two strikes your out" due to the prior act of burglary that was reversed and remanded in December 1992.

(c)  Special Parole for persons eligible for parole under South Carolina law, § 16-25-90; 1/4 term pursuant to the provisions under South Carolina law, § 24-21-700.

**Ground (3):**  The Sixth and Fourteenth Amendment to the United States Constitution of the Confrontation Clause as to:

(a)  The judge erred in disallowing the expert witness testimony as to her opinion to Bagley's state of mind at the time of the crimes.

(b)  Bagley was entitled to have the trial jury hear the proffered testimony from the witness herself and to observe her demeanor at the time she told it.

(c)  The State violated Petitioner's constitutional trial right to have expert witness in-court credibility and demeanor precluded before the jury.

**Ground (4):**  Lack of subject matter jurisdiction:

(a)  Gender and racial discrimination.

(b)  Invalidity of indictments.

On July 22, 1996, the undersigned entered a Report and Recommendation that the respondents' motion for summary judgement should be granted.  On March 13, 1997, the Respondents waived exhaustion on pending issues.  On March 14, 1997, the Honorable Sol Blatt, Jr. entered and order denying various motions and granting Respondents motion for summary judgement.

The petitioner appealed to the Fourth Circuit.  The Fourth Circuit dismissed the appeal on February 4, 1998, and the

13

dismissal was entered in the District Court on February 6, 1998, and the judgement was entered on March 2, 1998. Bagley v. State, 134 F.3d 362 (Table), (4th Cir. Feb. 4, 1998) (unpublished).

## 2003 FEDERAL HABEAS PETITION

On April 28, 2003, Bagley made another federal habeas corpus petition. Bagley v. Giese, et al, 2:03-1678. In that petition, Petitioner raised the following grounds for relief:

> **Ground (1):** Identity of original trial and appellate counsel. He asserts that there was a conflict of interest because his trial and appellate counsel were the same. (John Delgado and John O'Leary represented Bagley in the trial and direct appeal). *This issue was raised in the 1993 PCR action, but not addressed in the order action, and not specifically raised in the Austin appeal. App.p. 72 -89. He sought to assert it in the successive 2000 PCR proceedings. The application was denied as successive and certiorari was denied on appeal. There are no present state remedies available for exhaustion.*

> **Ground (2):** Expert Testimony exists which was not used at trial about his inconsistent statements and confessions.

> **Ground (3):** Trial court lacked subject matter jurisdiction because it allowed introduction of criminal allegations which had not been proven in court.

> **Ground (4):** Conviction obtained by failure of the Court to disclose state ballistic experts information that it takes 1.24 of a second for a person to turn during a shooting, along with evidence that the second shot was fired because of shock..

> **Ground (5):** The Trial court prohibited mc from an "unreasonable belief defense."

14

> **Ground (6):** The questions pose to the jurors were
> not reasonably sufficient to test the jurors for
> bias or partiality.

The Respondents filed a motion for summary judgement and return

on August 20, 2003, asserting that the petition was barred as a

successive petition and barred as violative of the statute of

limitations.  On October 21, 2003, the Honorable Patrick Michael

Duffy, United States District Judge, ordered that the action be

transferred to the United States Court of Appeals for the Fourth

Circuit for Bagley to seek leave to file this successive

petition.  Bagley v. Giese, Order, October 21, 2003.

**In Re: Bernard Bagley, 03-282, United States Court of Appeals.**

On October 9, 2003, Bagley made a motion for authorization

to file a successive petition under 2244.  On October 23, 2003,

the Fourth Circuit Court of Appeals entered an Order denying the

motion.

**In Re: Bernard Bagley, 03-290, United States Court of Appeals.**

On October 27, 2003, Bagley made a motion for authorization,

another motion for authorization on November 10, 2003, and he

supplemented his motion on December 29, 2003.  On April 14, 2004,

the United States Court of Appeals entered an Order denying

authorization to file a successive petition pursuant to 28 U.S.C.

Section 2244.

**In Re: Bernard Bagley, 05-435, United States Court of Appeals.**

On September 6, 2005, Bagley made a motion in the Fourth

15

Circuit for authorization to file a successive application.   On
September 27, 2005, the Fourth Circuit denied the motion.

**ADDITIONAL STATE POST-CONVICTION ACTIONS**

On November 5, 1998, the applicant filed his third post-
conviction relief application, C.A. No. 98-CP-40-4085, and again
alleged that his trial counsel rendered ineffective assistance.
The Honorable J. Ernest Kinard, Jr. filed a written order
dismissing the application as successive on February 17, 1999.
The applicant timely appealed that dismissal, but the state
Supreme Court dismissed the appeal without prejudice because the
applicant's motion to alter or amend was pending.   Thereafter,
the applicant filed numerous documents with the South Carolina
Supreme Court which it dismissed pursuant to Key v. Currie, 305
S.C. 115, 406 S.E.2d 356 (1991).

On May 1,2000, the applicant filed his fourth post-
conviction relief application (C.A. No. 00-CP-40-1707) and
alleged his trial counsel was ineffective.   The Honorable G.
Thomas Cooper called the case for a hearing on January 24, 2002,
at which time the applicant was present with his post-conviction
relief attorney, Robert N. Boorda, Esquire.   By written order
filed May 29, 2002, Judge Cooper denied and dismissed the
applicant's post-conviction relief application as successive and
in violation of the statute of limitations.   Applicant filed a
motion for reconsideration which was denied by Judge Cooper's

16

order dated June 10, 2002.

The petitioner made an appeal to the South Carolina Supreme Court and was represented by Aileen Clare of the South Carolina Office of Appellate Defense. On January 24, 2003, a <u>Johnson v. State</u> petition for writ of certiorari and petition to be relieved was filed asserting as the sole ground: "Did the lower court err by summarily dismissing petitioner's application for post-conviction relief as successive?" On June 12, 2003, the South Carolina Supreme Court entered an order that the petition was denied and granted counsel's request to be relieved. A <u>pro se</u> petition for rehearing was denied on June 26, 2003.

**SIXTH POST-CONVICTION RELIEF ACTION:**

On May 6, 2002, the applicant filed his sixth post-conviction relief application (02-CP-40-2244) and alleged that he possessed newly discovered evidence warranting early parole pursuant to S.C. Code § 16-25-90. The Honorable Alison Renee Lee issued a Conditional Order of Dismissal dated March 16, 2006, and a Final Order of Dismissal dated May 25, 2006. The applicant filed a motion to vacate and grant evidentiary hearing which was denied by Judge Lee's order dated October 17, 2006.

The petitioner appealed to the South Carolina Supreme Court. On January 17, 2007, the South Carolina Supreme Court entered an order ruling that petitioner's explanation pursuant to Rule 227 failed to show an arguable basis for asserting that the lower

17

court's ruling was improper.  Bagley v. State, 2002-CP-40-2244,

Order of Dismissal, (S.C. S.Ct. Jan. 17, 2007).

## 2004 STATE PETITION FOR WRIT OF HABEAS CORPUS:

On August 11, 2004, the petitioner filed a state Petition

for Writ of Habeas Corpus (04-CP-40-3795).  The state made its

Return and Motion to Dismiss on October 28, 2004.  The Honorable

J. Ernest Kinard, Jr., issued a Conditional Order of Dismissal on

November 1, 2005, and a Final Order of Dismissal dated April 24,

2006.  The Petitioner filed a motion to alter or amend judgment

pursuant to Rule 59(e), SCRCP, on July 13, 2006, which was denied

on August 14, 2006.

## SEVENTH POST-CONVICTION RELIEF ACTION:

On June 14, 2005, the petitioner filed his seventh

application for post-conviction relief in which he alleged:

> 1) That he was not allowed to argue nullification
> to the jury;
>
> 2)   That he was denied due process based on
> insufficiency of indictment; and
>
> 3)   That trial judge's instructions elevated
> specific facts of act of express malice.

The State made its return and motion to dismiss on October

17, 2005.  The Honorable J. Ernest Kinard, Jr., issued a

Conditional Order of Dismissal on October 20, 2005, and a final

order of dismissal on April 24, 2006.

## PENDING STATE COLLATERAL ACTION Bagley v. State, 2006-CP-40-7057.

On November 28, 2006, Petitioner filed a document captioned

18

"Conditional Application for Writ of Habeas Corpus or Application

for Post Conviction Relief pursuant to § 17-27-45(c), S.C. Code

Ann, and Rule 60(b)(1)(2)(3)(4), SCRCP" in state court.  Bagley

v. State, 2006-CP-40-7057.  The petitioner followed that filing

with a document captioned "Amended and Supplemental Coram Nobis

or Grooms Petition" dated March 27, 2007, as well as a third

document captioned "Writ of Coram Nobis" dated April 6, 2007.

   In his most current state filings, the petitioner alleges he

is being held in custody unlawfully for the following reasons:

> 1.    "Prosecutorial misconduct and malicious
> prosecution under Rule 407(3.3)(a)(2)(4);
> 407(3.4)(a)(b)(d); 407(3.8)(d); and
> 407(8.4)(a)(d)(e)(g), of SCACR of Professional
> Conduct by the Richland County Solicitor's Office,
> and the State Attorney General's Office PCR
> Division."
>
> 2.    "Prior application for PCR was involuntary
> because Applicant was not fully aware of the
> grounds for relief were inadequately raised in the
> previous application(s);"
>
> 3.    "Applicant did not intelligently comply with
> the filing procedure of the Uniform Post-
> Conviction Procedure Act in previously filed
> application(s);"
>
> 4.    "Applicant was not fully aware of the
> consequences of the statutory filing period for
> after-discovered undisclosed material exculpatory
> evidence in favor for him;"
>
> 5.    "Exclusion of defense of evidence of trait of
> character in relation to the adequacy of the
> provocation in murder case, on ground that
> applicant's expert witness proffered evidence did
> not raise a reasonable inference as to provocation
> of the ordinary reasonable man, in light of
> exculpatory or impeaching evidence material to

19

Applicant's guilt or punishment, denied him a fair trial. (Rules 403, 404(a)(1), 405(3), 607, 608(a)(b), SCRE);"

6.   "Trial court focused on the ordinary reasonable man standard, rather took into account the probative value or potential adverse of admitting the defense evidence of Applicant's traits of character in determining whether he acted on adequate provocation. (Rules 403, 404(a)(1), 405(3), SCRE);"

7. "Exclusion of defense of evidence of a specific character traits of the Applicant were relevant to the offenses charge. (Rules 403, 404(a)(1), 405, SCRE);"

8.   "Applicant was found guilty of an offense against a household member. (§ 16-25-10, S.C. Code Ann.);"

9.   "Applicant is eligible to be considered for parole after serving 1/4 of his sentence (S.C. Code Ann. § 16-25-90);

10.   "Matters in extenuation or mitigation exist and available that Applicant suffered a history of criminal domestic violence at the hands of the victim (spouse), S.C. Code Ann. § 16-25-90;" and

11.   "Matters in extenuation or mitigation exist and available that Applicant acted under the influence of emotional and psychological disturbance at the time of the offense charge."

The Respondent made its return and motion to dismiss on May 21, 2007.  Prior to the issuance of a signed Conditional Order of Dismissal, the petitioner filed a document titled "Reply and Motion for Showing of Cause and Prejudice and Motion for an Actual Hearing" dated May 23, 2007.  On June 12, 2007, the respondents filed a Return and Motion to Dismiss a request by the petitioner for court appointed counsel and expert witnesses.  On

July 16, 2007, the Honorable Alison R. Lee, Presiding Judge, filed an Order of Dismissal dated July 16, 2007.  On July 19, 2007, the petitioner filed a Rule 59 motion which motion is pending.

The respondents have made the following records part of the file here:

**Bagley v. State**, 2:96-0487-8AJ (Prior Federal Habeas Action).

1.   Bagley v. State, 2:96-0487-8AJ, Report and Recommendation.

2.   Bagley v. State, 2:96-0487-8AJ, Order of the District Court judge.

3.   Bagley v. State, 97-6776, Unpub. Op. (4th Cir. February 4, 1996).

**Bagley v. State, 02-CP-40-2244 (PCR ACTION).**

4.   Bagley v. State, 02-CP-40-2244, Application for PCR.

5.   Bagley v. State, 02-CP-40-2244, Return August 7, 2002.

6.   Bagley v. State, 02-CP-40-2244, Amended Return.

7.   Bagley v. State, 02-CP-40-2244, Conditional Order of Dismissal, March 16, 2006.

8.   Bagley v. State, 02-CP-40-2244, Objections and Motion for Hearing, March 29, 2006.

9.   Bagley v. State, 02-CP-40-2244, Order of Dismissal, dated May 25, 2006.

10.  Bagley v. State, 02-CP-40-2244, Rule 59 Motion.

11.  Bagley v. State, 02-CP-40-2244, Return and Motion to Dismiss (Rule 59 Motion) June 7, 2006.

12.  Bagley v. State, 02-CP-40-2244 Reply and Supplemental Amendment dated June 12, 2006.

13.  Bagley v. State, 02-CP-40-2244, October 17, 2006, (October 10, 2006) Order Denying Motions.

14.  Bagley v. State, 02-CP-40-2244 Notice of Appeal.

15.  Bagley v. State, 02-CP-40-2244, Order of Dismissal, South Carolina Supreme Court, January 17, 2007.

**Bagley v. State, 06-CP-40-7057 (Pending PCR Action).**

16.  Bagley v. State, 06-CP-40-7057, Conditional Application for Writ of Habeas Corpus or Application for Post-Conviction Relief filed November 28, 2006.

16A. Bagley v. State, 06-CP-40-7057, Amended Application and Supplemental Corum Nobis and Grooms Petition dated March 26, 2007.

17.  Bagley v. State, 06-CP-40-7057, Return, May 27, 2007.

18.  Bagley v. State, 06-CP-40-7057, Motion for Court appointed Counsel and Expert Witness on Battered Spouse Syndrome, May 18, 2007.

19.  Bagley v. State, 06-CP-40-7057, June 12, 2007, Return in Opposition to Motion.

19A. Bagley v. State, Reply and Motion, June 29, 2007.

20.  Bagley v. State, 06-CP-40-7057, Order of Dismissal, July 16, 2007.

21.  Bagley v. State, 06-CP-40-7057, Rule 59 Motion, dated July 19, 2007.

II.

In his present petition, Petitioner claims he is entitled to habeas relief for the following reasons:

22

I.  Parole Eligibility Issues

   A.  The Petitioner asserts that he is
eligible for parole under Section 16-3-220.  He
asserts that "no person sentenced to life
imprisonment under Section 16-3-20 will not be
paroled."

   B.  He contends that the enacted of the
subsequent "Truth in Sentencing" law created a "no
parole" provision that life means life until
death.

   C.  Bagley asserts that prior to the
enactment of these provisions, he was eligible for
parole in 2010 after serving one-third of his
term.  He further asserts that a judge in a state
post-conviction relief proceeding pursuant to
section 16-25-90 could make him eligible for early
release after one fourth due to unique
circumstances.

   D.  Bagley asserts that being eligible for
parole in 2010 and being released in 2010 are two
different things and because of the existence of
the legislative change, the State has created a
"false hope that Bagley with a parole date in 2010
will be provided a mock hearing will be release
under Section 16-3-20 change because of law
provision that "mandatory life imprisonment until
death of the offender."

E.  Bagley contends that this change violates the
Ex Post Facto Clause because it in effect enhances
his sentence because his likelihood of release is
decreased after the new truth in sentencing "no
parole" provision was enacted.

F.  Bagley asserts that he requested "early parole
eligibility" but was denied on June 16, 2006, by
the Parole department in a letter from Gwendolyn
Bright and was further advised on March 16, 2007,
that his pardon application will not be
considered.

On September 7, 2007, Petitioner filed an amended petition

asserting the following:

23

1.   In interpreting a statute, the court's primary
purpose is to ascertain and effectuate the actual
intent of the legislature in section 16-25-90.

2.   Respondents should be required to give §§ 16-
25-90 its plain and ordinary meaning by the
construing court without resort to subtle or
forced construction to limit or expand the
statute's operation.

3.   Petitioner's due process rights and equal
protection rights under the Fourteenth Amendment
are violated by not allowing him access of
presenting evidence or proving circumstances in
order to be eligible for statutory parole under §§
16-25-90, S.C. Code Ann.

4.   An expert witness in battered spouse syndrome
or experience of a history in criminal domestic
violence would provide credible evidence as to
whether or not the petitioner experienced a
history of physical harm or criminal domestic
violence suffered at the hands of the victim.

5.   Ex post facto violation in reference to 16-3-
20, of the S.C. Code Ann.

6.   Petitioner realleges and incorporate by
reference his original § 2241 petition.

The respondents filed their motion for summary judgment on

September 17, 2007.  On September 18, 2007, Petitioner was

provided a copy of the respondents' motion and was given an

explanation of dismissal and summary judgment procedure as well

as pertinent extracts from Rules 12 and 56 of the Federal Rules

of Civil Procedure similar to that required by Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975).  On October 30, 2007, the

petitioner filed a response in opposition to the respondent's

24

motion.  Hence, it appears consideration of the motion is
appropriate.

## DISCUSSION

A review of the record and relevant case law reveals that
this matter should be dismissed.

Petitioner first claims that amendments to S.C. Code Ann.
§16-3-20 changed his parole eligibility, which change constitutes
an ex post facto and due process violation.  The petitioner's
conviction for murder was April 10, 1991.  At that time, Section
16-3-20 read in its pertinent part:

> § 16-3-20. Punishment for murder: separate sentencing
> proceeding to determine whether sentence should be death or
> life imprisonment.
> (A) A person who is convicted of or pleads guilty to murder
> must be punished by death or by imprisonment for life and is
> not eligible for parole until the service of twenty years;
> provided, however, that when the State seeks the death
> penalty and an aggravating circumstance is specifically
> found beyond a reasonable doubt pursuant to subsections (B)
> and (C), and a recommendation of death is not made, the
> court must impose a sentence of life imprisonment without
> eligibility for parole until the service of thirty years.
> Provided, further, that under no circumstances may a female
> who is pregnant with child be executed so long as she is in
> that condition. When the Governor commutes a sentence of
> death under the provisions of Section 14 of Article IV of
> the Constitution of South Carolina, 1895, the commutee is
> not eligible for parole. No person sentenced
> under the provisions of this subsection may receive any
> work-release credits, goodtime credits, or any other credit
> that would reduce the mandatory imprisonment required by
> this section... .

Section 16-3-20 (1991)[1].  The Petitioner contends initially that

the amendments made in the 1995 Act and Joint Resolution No. 83,

---

[1] Section 16-3-20 has been amended and presently reads:
§ 16-3-20. Punishment for murder: separate sentencing proceeding
to determine whether sentence should be death or life
imprisonment.
(A) A person who is convicted of or pleads guilty to murder must
be punished by death, by imprisonment for life, or by a mandatory
minimum term of imprisonment for thirty years. If the State seeks
the death penalty and a statutory aggravating circumstance is
found beyond a reasonable doubt pursuant to subsections (B) and
(C), and a recommendation of death is not made, the trial judge
must impose a sentence of life imprisonment. For purposes of this
section, "life imprisonment" means until death of the offender
without the possibility of parole, and when requested by the
State or the defendant, the judge must charge the jury in his
instructions that life imprisonment means until the death of the
defendant without the possibility of parole. In cases where the
defendant is eligible for parole, the judge must charge the
applicable parole eligibility statute. No person sentenced to
life imprisonment pursuant to this section is eligible for
parole, community supervision, or any early release program, nor
is the person eligible to receive any work credits, education
credits, good conduct credits, or any other credits that
would reduce the mandatory life imprisonment required by this
section. No person sentenced to a mandatory minimum term of
imprisonment for thirty years pursuant to this section is
eligible for parole or any early release program, nor is the
person eligible to receive any work credits, education credits,
good conduct credits, or any other credits that would reduce the
mandatory minimum term of imprisonment for thirty years required
by this section. Under no circumstances may a female who is
pregnant be executed so long as she is pregnant or for a period
of at least nine months after she is no longer pregnant. When the
Governor commutes a sentence of death to life imprisonment under
the provisions of Section 14 of Article IV of the Constitution of
South Carolina, 1895, the commutee is not eligible for parole,
community supervision, or any early release program, nor is the
person eligible to receive any work credits, good conduct
credits, education credits, or any other credits that would
reduce the mandatory imprisonment required by this subsection....

§ 10[2] changed his eligibility dates.  He is incorrect; pre-enactment inmates retained their same parole eligibility status. Petitioner was eligible for parole after twenty years, in 2010, both before and after the amendment.

Undeterred by the facts, Petitioner speculates that the passage of 1995 amendments, which create a natural life sentence without possibility of parole, has created a false hope in a twenty year parole since the statute now reads "life imprisonment means until death."[3]  Although Petitioner admits that he is eligible for parole, he argues that he will not be paroled because of this language in the later amendment.  Based on his own confusion and speculation, he asserts that his rights under the constitution have been violated.

Such speculative contentions are simply not actionable in a federal habeas corpus proceeding and relief should be denied.

_____

[2] 1995 Act No. 83, Section 62 reads:
This act takes effect January 1, 1996, and applies prospectively to all crimes committed on or after that date except as follows: (1) Section 9 takes effect upon approval of the Governor and applies to crimes committed on or after the effective date of that section (2) Section 25 takes effect upon approval of the Governor and applies to all executions administered on and after the effective date of this section, regardless of the date the sentence was imposed.
(3) Sections 56, 59, 60, and 61 take effect upon approval of the Governor.
Approved the 7th day of June, 1995.

[3] The term in Section 16-3-20 is actually "[F]or purposes of this section, "life imprisonment" means until death of the offender without the possibility of parole. . . ."

California Dep't of Corrections v. Morales, 514 U.S. 499, 115
S.Ct. 1597 (1995)(If an amendment produces only a "speculative
and attenuated possibility" of increasing an inmate's punishment,
then there is no ex post facto violation.)

Petitioner's second contention is that he should be given
greater parole eligibility under S.C. Code Ann. §16-25-90 which
reads:

> § 16-25-90. Parole eligibility as affected by evidence of
> domestic violence suffered at hands of household member.
> Notwithstanding any provision of Chapters 13 and 21 of Title
> 24, and notwithstanding any other provision of law, an
> inmate who was convicted of, or pled guilty or nolo
> contendere to, an offense against a household member is
> eligible for parole after serving one-fourth of his prison
> term when the inmate at the time he pled guilty to, nolo
> contendere to, or was convicted of an offense against the
> household member, or in post-conviction proceedings
> pertaining to the plea or conviction, presented credible
> evidence of a history of criminal domestic violence, as
> provided in Section 16-25-20, suffered at the hands of the
> household member. This section shall not affect the
> provisions of Section 17-27-45.

S.C. Code Ann., § 16-25-90 (2006) (as amended 1995, 1998, 2003).

This is a matter of state law[4] and federal courts in habeas
corpus cases cannot consider questions of state law or procedure.
Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475 (1991); Lewis v.
Jeffers, 497 U.S. 764, 110 S.Ct. 3092 (1990); Chance v. Garrison,

---

[4] The South Carolina Supreme Court interpreted this statute
in State v. Grooms, 343 S.C. 248, 252-253, 540 S.E.2d 99, 101
(S.C. 2000) and held that the statute simply does not mean what
Petitioner believes it means.  The issue was squarely decided
against Petitioner and this court will not interfere with a state
court's interpretation of its own statutes.

537 F.2d 1212 (4th Cir. 1976); <u>Grundler v. North Carolina</u>, 283

F.2d 798 (4th Cir. 1990).  Petitioner is not entitled to habeas

corpus relief on his claim.

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is

recommended that the respondents' motion be granted, all other

motions be denied as moot, and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

March 4, 2008

29

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).