IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard Bagley, #175851, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No.: 2:07-cv-1470-PMD-RSC |
| v. ) | |
| ) | |
| ) | **ORDER** |
| Warden, Kershaw Correctional Institution, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____) | |

  This matter is before the court upon Petitioner Bernard Bagley's ("Petitioner" or "Bagley") petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's R&R recommends granting Respondent's Motion for Summary Judgment and denying all other pending motions as moot. A party may object, in writing, to an R&R within ten days after being served with a copy of the R&R. 28 U.S.C. § 636(b)(1). Bagley filed timely objections to the R&R.

**BACKGROUND**

  In the R&R, Magistrate Judge Carr thoroughly detailed the facts of the case. The court will therefore include only certain facts relevant to Petitioner's objections in this order. Petitioner is currently confined at the Kershaw Correctional Institution of the South Carolina Department of Corrections. He was indicted at the October 1990 term of the Court of General Sessions for Richland County for murder and burglary in the first degree. Attorneys John D. Delgado, John O'Leary, and Cathy L. Hazelwood represented Petitioner on these charges, and a jury found Petitioner guilty as charged. On April 10, 1991, at the conclusion of the trial, the Honorable Dan

F. Laney, Jr., sentenced Petitioner to life imprisonment for murder and life imprisonment, consecutive, for burglary in the first degree. Bagley appealed the convictions and sentences.

On December 10, 1992, the Court of Appeals of South Carolina issued an unpublished opinion in which it upheld Bagley's murder conviction but reversed the burglary conviction. *See State v. Bagley*, Op. No. 92-UP-165 (S.C. Ct. App. filed Dec. 10, 1992). Bagley filed a Petition for Rehearing, which the Court of Appeals of South Carolina denied on February 8, 1993. Petitioner filed a Petition for Writ of Certiorari in the South Carolina Supreme Court, but the court denied the petition and filed a remittitur in the action on July 1, 1993.

As the Magistrate Judge detailed in his R&R, Bagley has filed several applications for post-conviction relief ("PCR") as well as several federal habeas petitions. Bagley filed the instant petition pursuant to 28 U.S.C. § 2241 on or about May 23, 2007. In that petition, he states (verbatim),

> Petitioner complaints relates to parole matters in which he now come seeking relief sought via a § 2241 petition. Section 16-3-20 in relevant part indicate that no person sentenced to life imprisonment pursuant to § 16-3-20 is eligible for parole, early parole, or pardons that would reduce the mandatory life imprisonment. Additionally, no person sentenced to life imprisonment under § 16-3-20 will not be paroled, but in cases where the defendant is eligible for parole, the judge must charge the applicable parole eligibility statute; however, no person sentenced to life imprisonment pursuant to § 16-3-20 is eligible for parole that would reduce the mandatory life imprisonment required by § 16-3-20.
> The Truth in Sentencing Rules enacted after Bagley's commitment offense has a "no parole" provision(s) in statutory law of "life imprisonment" means until death of the offender.

(Pet. at 1-2.) He states that prior to the enactment of the "Truth in Sentencing 'no parole' provisions," he was "was eligible to be paroled in 2010, after serving one-third of the sentence." (*Id*. at 2.) He also states that pursuant to South Carolina Code § 16-25-90, "a judge in [a] post-conviction proceeding could make him eligible for earlier release . . . after serving one-fourth of his

2

prison term . . ." (*Id.*) He further states in his petition,

> Being eligible for release in 2010 and being paroled in 2010 are really two different matters. Parole hearing does exist for Bagley in 2010 whom was sentenced for offense committed prior to Truth in Sentencing "no parole" provisions were enacted in § 16-3-20. As such, Bagley is an "old law" prisoner still in the state system affected by change in statutory law enacted after the commitment offense rather than those [in] place at the time of the offense.

(*Id.*) Bagley asserts the change in law violates the Fourteenth Amendment as well as the Ex Post Facto Clause of the United States Constitution "inasmuch [as] the State has enhanced his punishment[] and increased his sentence." (*Id.*) He states, "Due to supervening change of law, Bagley's likelihood of release on parole decreased after the new 'no parole' provision was enacted in § 16-3-20 'mandatory life imprisonment means until death of the offender.'" (*Id.*)

On or about September 13, 2007, Bagley filed a Motion for Leave to File an Amended § 2241 Petition. In that motion, Bagley requests leave to file an amended § 2241 petition to incorporate the following (verbatim):

> 1. In interpreting a statute, the court's primary purpose is to ascertain and effectuate the actual intent of the legislature in § 16-25-90.
>
> 2. Respondent should be required to give § 16-25-90 its plain and ordinary meaning by the construing court without resort to subtle or force construction to limit or expand the statute's operation.
>
> 3. Petitioner's due process rights and equal protection rights under the Fourteenth Amendment of the U.S. Constitution are violated by not allowing him access of presenting evidence or proving circumstances in order to be eligible for statutory parole under § 16-25-90, S.C. Code Ann.
>
> 4. An Expert Witness in battered spouse syndrome or experience of a history in criminal domestic violence would provide credible evidence as to whether or not the petitioner experienced a history of physical harm or criminal domestic violence suffered at the hands of the victim.
>
> 5. Ex post facto violation in reference to § 16-3-20, of S.C. Code Ann.

      6.  Petitioner reallege and incorporate by reference his original § 2241 Petition.

      7.  This Court should grant leave freely to amend a § 2241 petition.

(Am. Pet. at 1.)[1]

Respondent filed a Motion for Summary Judgment on September 17, 2007. Magistrate Judge Carr issued a Report and Recommendation on March 4, 2008, in which he recommended granting Respondent's Motion for Summary Judgment. With respect to Petitioner's argument that amendments to South Carolina Code § 16-3-20 constituted an ex post facto and due process violation because it changed his parole eligibility, the Magistrate Judge stated,

> The Petitioner contends initially that the amendments made in the 1995 Act and Joint Resolution No. 83, § 10 changed his eligibility dates. He is incorrect; pre-enactment inmates retained their same parole eligibility status. Petitioner was eligible for parole after twenty years, in 2010, both before and after the amendment.
>     Undeterred by the facts, Petitioner speculates that the passage of 1995 amendments, which create a natural life sentence without possibility of parole, has created a false hope in twenty year parole since the statute now reads "life imprisonment means until death." Although Petitioner admits that he is eligible for parole, he argues that he will not be paroled because of this language in the later amendment. Based on his own confusion and speculation, he asserts that his rights under the constitution have been violated.

(R&R at 26-27.) Magistrate Judge Carr stated that "[s]uch speculative contentions are simply not actionable in a federal habeas corpus proceeding and relief should be denied." (*Id*. at 27.)

The Magistrate Judge further recommended that Respondent's Motion for Summary Judgment be granted with respect to Petitioner's contention that he should be given "greater parole eligibility under S.C. Code Ann. § 16-25-90." (*Id*. at 28.) Magistrate Judge Carr determined that "[t]his is a matter of state law[,] and federal courts in habeas corpus cases cannot consider questions

---

[1] The Magistrate Judge considered the grounds alleged in this motion in the R&R and the court therefore considers these grounds in its order.

4

of state law or procedure." (*Id.*) Concluding that Bagley is not entitled to habeas relief, the Magistrate Judge recommended granting Respondent's Motion for Summary Judgment.

## STANDARD OF REVIEW

### A.     Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party 'is particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex*, 477 U.S. at 327.

### B.     Magistrate Judge's R&R

This court is charged with conducting a *de novo* review of any portion of the Magistrate

Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Petitioner's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## **ANALYSIS**

Bagley filed ten objections, and the court will address each one in turn. Bagley first objects to the Magistrate Judge's Report and Recommendation on the grounds that the Magistrate Judge did not consider the exhibits Bagley attached to his Response in Opposition to the Motion for Summary Judgment. (Objections at 1.) Bagley asserts such failure is erroneous because in considering a Motion for Summary Judgment, the judge is required to view the evidence submitted by the parties in a light most favorable to the non-moving party. (*Id*.) Bagley further contends the Magistrate Judge should have recommended the denial of Respondent's Motion for Summary Judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure because "Petitioner cannot get all the declarations he need[s]." (*Id*.)

In his R&R, the Magistrate Judge noted that Bagley filed a Response in Opposition to the Motion for Summary Judgment on October 30, 2007, but the R&R does not discuss the exhibits attached to Bagley's Response. Attached to the Response in Opposition are four declarations: the declarations of Petitioner; Sarah B. Jackson, Petitioner's mother; Sharon Kennedy, Petitioner's sister; and Wilma C. Medley. The court has reviewed these declarations and finds no error in the Magistrate Judge's failure to discuss them in his R&R because considering them does not affect the recommendation in the R&R. Petitioner's declaration states that in February of 1999 the "Parole

6

Board entertained my request for a proper claim for special consideration for parole under § 16-25-90, after the Board" received the trial transcript. (Bagley Decl. at 1.)[2] He states the "Board Members entertained my request for special consideration and rejected the same on the premise of lack of credible evidence of spousal abuse." (*Id*.) He also indicates he "made the claim in state court during the second post-conviction relief evidentiary hearing" and that a Rule 59(e) motion remains pending because the state court did not rule on this issue. (*Id*.) Ms. Jackson's declaration states,

> [I] can attest to the fact that on February 17, 1999, the Parole Board entertained [Petitioner's] request for special consideration for parole because of evidence of domestic violence suffered at the hands of my daughter-in-law. The Parole Board rejected his request for special consideration for parole because there was no expert witness testimony presented.

(Jackson Decl. at 1.) Ms. Kennedy's declaration simply states that Petitioner "has been denied his constitutional rights which has cause[d] irreparable injury or harm because the Respondent State representatives and the courts are evading review of this matter . . ." (Kennedy Decl. at 1.) Lastly, Ms. Medley's declaration states in part, "I, Wilma C. Medley hereby declare[]: that Bernard Bagley did request for special consideration for parole several years ago, in which the Parole Board for

---

[2]South Carolina Code § 16-25-90 states,
  Notwithstanding any provision of Chapters 13 and 21 of Title 24, and notwithstanding any other provision of law, an inmate who was convicted of, or pled guilty or nolo contendere to, an offense against a household member is eligible for parole after serving one-fourth of his prison term when the inmate at the time he pled guilty to, nolo contendere to, or was convicted of an offense against the household member, or in post- conviction proceedings pertaining to the plea or conviction, presented credible evidence of a history of criminal domestic violence, as provided in Section 16-25-20, suffered at the hands of the household member. This section shall not affect the provisions of Section 17-27-45.
This section was enacted in 1995. *See* Act of Jan. 12, 1995, § 14, 1995 S.C. Acts 7.

7

South Carolina . . . entertained and rejected. . . ." (Medley Decl. at 1.)

Although this court cannot be certain, it is likely the Magistrate Judge failed to mention these declarations because they are not relevant to the recommendation he made in the R&R. The Magistrate Judge recommended granting Respondent's Motion for Summary Judgment because (1) Petitioner is incorrect in asserting that his parole eligibility dates have been changed, (2) speculative contentions are not cognizable in a federal habeas action, and (3) Petitioner's argument with respect to South Carolina Code § 16-25-90 is not cognizable on federal habeas review because it is purely a matter of state law. This court has considered the evidence submitted by Petitioner in those declarations and concludes the analysis in the R&R remains unchanged. The objection has no merit.

In Petitioner's second objection, he objects to the Magistrate Judge's statement that "Petitioner first claims that amendments to S.C. Code Ann. § 16-3-20 changed his parole eligibility." (Objections at 1.) Petitioner asserts that he "did not say that his parole eligibility will be change[d]" but instead asserts "that the changes in the parole process under § 16-3-20 creates a sufficient risk of an increased penalty that constitutes an ex post facto and due process clause violation." (*Id.* at 2.) While acknowledging his parole eligibility remains unchanged, he argues the alteration in the statute constitutes a Due Process and Ex Post Facto Clause violation. (*Id.*)

As the Magistrate Judge noted in the R&R, section 16-3-20 currently reads in relevant part:

A person who is convicted of or pleads guilty to murder must be punished by death, by imprisonment for life, or by a mandatory minimum term of imprisonment for thirty years. If the State seeks the death penalty and a statutory aggravating circumstance is found beyond a reasonable doubt pursuant to subsections (B) and (C), and a recommendation of death is not made, the trial judge must impose a sentence of life imprisonment. *For purposes of this section, "life imprisonment" means until death of the offender without the possibility of parole*, and when requested by the State or the defendant, the judge must charge the jury in his instructions that life imprisonment means until the death of the defendant without the possibility of parole. In cases where the defendant is eligible for parole, the judge

> must charge the applicable parole eligibility statute. No person sentenced to life imprisonment pursuant to this section is eligible for parole, community supervision, or any early release program, nor is the person eligible to receive any work credits, education credits, good conduct credits, or any other credits that would reduce the mandatory life imprisonment required by this section. No person sentenced to a mandatory minimum term of imprisonment for thirty years pursuant to this section is eligible for parole or any early release program, nor is the person eligible to receive any work credits, education credits, good conduct credits, or any other credits that would reduce the mandatory minimum term of imprisonment for thirty years required by this section. Under no circumstances may a female who is pregnant be executed so long as she is pregnant or for a period of at least nine months after she is no longer pregnant. When the Governor commutes a sentence of death to life imprisonment under the provisions of Section 14 of Article IV of the Constitution of South Carolina, 1895, the commutee is not eligible for parole, community supervision, or any early release program, nor is the person eligible to receive any work credits, good conduct credits, education credits, or any other credits that would reduce the mandatory imprisonment required by this subsection.

S.C. Code Ann. § 16-3-20 (emphasis added). As noted above, Petitioner was sentenced on April 10, 1991, and the version of this statute in effect then stated,

> A person who is convicted of or pleads guilty to murder must be punished by death or by imprisonment for life and is not eligible for parole until the service of twenty years; provided, however, that when the State seeks the death penalty and an aggravating circumstance is specifically found beyond a reasonable doubt pursuant to subsections (B) and (C), and a recommendation of death is not made, the court must impose a sentence of life imprisonment without eligibility for parole until the service of thirty years. Provided, further, that under no circumstances may a female who is pregnant with child be executed so long as she is in that condition. When the Governor commutes a sentence of death under the provisions of Section 14 of Article IV of the Constitution of South Carolina, 1895, the commutee is not eligible for parole. No person sentenced under the provisions of this subsection may receive any work-release credits, good-time credits, or any other credit that would reduce the mandatory imprisonment required by this subsection.

The problem with Bagley's argument is that he acknowledges his parole eligibility has not changed, and the amendment about which Bagley complains does not apply retroactively. Indeed, 1995 Act No. 83, Section 62 states that with certain exceptions not applicable to the argument at hand, the act "takes effect January 1, 1996, and applies prospectively to all crimes committed on or after that date

9

. . ." Act of June 7, 1995, § 62, 1995 S.C. Acts 83.  Petitioner's objection is therefore without merit.

In his third objection, Petitioner again acknowledges that he has retained his same parole eligibility date in 2010 but states that "the only question for the court is whether that amendment affect[s] his parole eligibility status under § 16-25-90."  (Objections at 2.)  He states,

> Bagley was given special consideration for parole under § 16-25-90, in 1999.  The Respondent is suppose[d] to consider the Petitioner every year for special consideration for parole under § 16-25-90.  Also See, § 16-25-20.  By not doing so, the Respondent has illegally denied the Petitioner parole eligibility status under special consideration under § 16-25-90, in violation of the equal protection clause of the 14th Amendment, as well as the due process clause.

(Objections at 2.)  Bagley's fourth objection is based on the same argument.  What is unclear from Bagley's objections, however, is why or how Bagley is entitled to special consideration under South Carolina Code § 16-25-90.  As discussed above, that section states,

> Notwithstanding any provision of Chapters 13 and 21 of Title 24, and notwithstanding any other provision of law, an inmate who was convicted of, or pled guilty or nolo contendere to, an offense against a household member is eligible for parole after serving one-fourth of his prison term when the inmate at the time he pled guilty to, nolo contendere to, or was convicted of an offense against the household member, or in post- conviction proceedings pertaining to the plea or conviction, presented credible evidence of a history of criminal domestic violence, as provided in Section 16-25-20, suffered at the hands of the household member. This section shall not affect the provisions of Section 17-27-45.

S.C. CODE § 16-25-90.  As is evident from the plain language of the statute, section 16-25-90 says nothing about "special consideration" every year.  If anything, Bagley's assertions seem to indicate this statute has been complied with, as he was apparently considered for parole pursuant to this statute in 1999.  The third and fourth objections are without merit.

Bagley's fifth objection reads as follows:

"Petitioner speculates that the passage of 1995 amendments, which creates a natural life sentence without possibility of parole, has created a false hope in a 20 year parole since the statute now reads 'life imprisonment means until death.'" p. 27;

10

> Bagley has not speculated the reading of the passage. The magistrate has teamed up with the respondent to alter reality, with the present issue being capable of repetition, but evading review of the same. Now, or in 2010, when Bagley has been denied consideration for parole this issue [is] reasonably likely to recur.

(Objections at 2.) This objection is not responsive to the Report and Recommendation, as it does not specifically identify any error. Moreover, as noted above, the statute Bagley refers to does not apply retroactively. His objection is without merit.

In his sixth objection, he asserts that "Attorney General McMaster has a [b]ill currently before the State Legislat[ure] to abolish parole for all state prisoners." (Objections at 3.) Bagley asserts this information is public information and was submitted to the Magistrate Judge and that he is therefore "not confused nor speculating that an independent due process and 8th Amendment violation exist for any 'rational factfinder' standard." (*Id*.) According to Bagley, "There is a potential increase in punishment in violation of the ex Post Facto Clause[] of the U.S. Constitution." (*Id*.) Petitioner is certainly not entitled to any relief regarding a bill that has not even become law, and as noted above, the statute of which Bagley complains does not apply retroactively. The objection is meritless.

In his seventh objection, Bagley objects to the Magistrate Judge's recommendation that Respondent's Motion for Summary Judgment be granted with respect to Petitioner's contention that he should be given greater parole eligibility under S.C. Code Ann. § 16-25-90. (*Id*. at 3-4.) He states, "Foreshortening punishment is a remedy reserved exclusively to the forum of habeas corpus when state law or procedure is wrong and the Petitioner is in custody illegally and in violation of the U.S. Constitution." (*Id*. at 3-4.) Title 28, Section 2241 of the Unites States Code states in relevant part,

**(c)** The writ of habeas corpus shall not extend to a prisoner unless–

11

> **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States . . .

Bagley is thus correct that he is entitled to a writ of habeas corpus if he is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c). What is not clear from the objection or any of his other arguments, however, is how the fact that he is being held in custody violates the Constitution or laws or treaties of the United States. The objection is meritless.

In his eighth objection, he objects to the Magistrate Judge's statement that "the statute [referring to § 16-25-90] simply does not mean what Petitioner believes it means. The issue was squarely decided against Petitioner and this court will not interfere with a state court's interpretation of its own statutes." (Objections at 4.) The case to which the Magistrate Judge refers is *State v. Grooms*, 343 S.C. 248, 540 S.E.2d 99 (2000), and in that case, the Supreme Court of South Carolina concluded the trial court did not err by holding that § 16-25-90 requires the defendant to prove by a preponderance of the evidence that she suffered a history of criminal domestic violence at the hands of her victim. *Grooms*, 343 S.C. 248, 540 S.E.2d 99. It is again difficult to ascertain the substance of Bagley's objection. He states, "This matter has been evaded by review, and the magistrate arbitrary or capricious recommendation regarding the interpretation of § 16-25-90 constitutes an equal protection violation because the Petitioner was allowed special consideration for parole in 1999 under § 16-25-90, but rejected parole." (Objections at 4.) To the extent he argues he is entitled to parole because *he* believes he presented sufficient evidence pursuant to § 16-25-90, the Magistrate Judge properly determined Petitioner is incorrect. *See Grooms*, 343 S.C. 248, 540

S.E.2d 99. Furthermore, as noted above, nothing in the language of § 16-25-90 indicates Petitioner is entitled to "special consideration" every year pursuant to this statute. His objection is meritless.

In his ninth objection, Bagley asserts the Magistrate Judge erred in finding all of his motions are moot. (Objections at 4.) He states, "Bagley asserts that his motions filed are not moot because the respondent has not corrected the matter in which he complained about, nor has his parole status been changed annually, nor has he been released on parole, and nor has he been immediately released from the custody of the respondent." (*Id*.) In light of the determination that the Magistrate Judge properly recommended granting Respondent's Motion for Summary Judgment, however, Bagley's motions are moot. His objection is thus without merit.

Lastly, he seems to argue that the state court did not have jurisdiction over his criminal matter due to defects in the indictment. (*Id*. at 5-6.) This argument is without merit, however, as a state court's subject matter jurisdiction is not an issue cognizable on federal habeas review. *See Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998) ("It is black letter law that a federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. Because Wright's claim, when pared down to its core, rests solely upon an interpretation of Virginia's case law and statutes, it is simply not cognizable on federal habeas review." (internal quotation marks and citations omitted)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

## **CONCLUSION**

It is therefore **ORDERED**, for the foregoing reasons, that Respondent's Motion for Summary Judgment is **GRANTED**. It is further **ORDERED** that all other motions are denied as moot.[3]

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**May 27, 2008**

## **NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4. *See* Fed. R. App. P. 3-4.

---

[3]The court again notes that it has considered the arguments Petitioner made in his Motion for Leave to File an Amended § 2241 Petition.